IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CLARENCE ROBINSON | § | |
| VS. | § | CIVIL ACTION NO. 1:16cv337 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION AND ORDER

Movant Clarence Robinson, a prisoner confined at the United States Penitentiary in Yazoo City, Mississippi, proceeding *pro se*, filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

Factual Background and Prior Proceedings

On January 12, 1995, following a trial by jury in the United States District Court for the Eastern District of Texas, movant was found guilty and convicted of conspiracy to escape, in violation of 18 U.S.C. § 371 (Count 1); escape, in violation of 18 U.S.C. § 751 (Count 2); and possessing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 4).

On April 20, 1995, the Court sentenced movant to 105 months' imprisonment for the escape counts (60 months' confinement for each count, 45 months of Count 2 to be served consecutively to the term in Count 1). Additionally, in Count 4, the Court sentenced movant to 240 months' imprisonment for the Section 924(c) offense, to be served consecutively to the terms in Counts 1 and 2. Further, the terms of imprisonment imposed in this case was ordered to run consecutively to movant's imprisonment under any previous state or Federal sentence.

Movant appealed his criminal convictions and sentences. On December 19, 1996, the United States Court of Appeals for the Fifth Circuit affirmed the judgment of the district court.

Next, movant brought the above-styled motion to vacate alleging that his convictions for escape, conspiracy, aiding and assisting no longer qualify as crimes of violence under the residual

clause of § 924(c). Movant relied on the recent Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015).

The court denied movant's motion to vacate, set aside or correct sentence because the decision in *Johnson* did not address the residual clause of § 924(c)(3)(B), nor did it recognize a new right regarding that residual clause. However, on appeal, the United States Court of Appeals for the Fifth Circuit determined movant's § 924(c) conviction, and the associated 240-month sentence of imprisonment, must be vacated based on the intervening Supreme Court decision in *United States v. Davis*, 139 S.Ct. 2319 (2019), and their subsequent determination in *United States v. Reece*, 938 F.3d 630, 635 (2019), that *Davis* announced a new rule of constitutional law retroactively applicable on a first habeas petition. *See United States v. Robinson*, 2019 WL 5445249 at *1-2 (5th Cir. Oct. 24, 2019). The Government conceded on appeal that movant is entitled to vacatur of his § 924(c) conviction and the associated sentence. *Id*. Accordingly, the judgment of the district court was reversed and remanded to this court for disposition consistent with the opinion.

## O R D E R

For the reasons set forth above, it is **ORDERED** that movant's motion to vacate, set aside or correct sentence is **GRANTED**. Accordingly, it is **ORDERED** that movant's conviction pursuant to 18 U.S.C. § 924(c) in Count 4 of criminal action number 1:94cr40(1), styled *United States v. Robinson*, and the associated sentence of 240 months are **VACATED**. Movant's convictions and sentences in Counts 1 and 2 of the same action remain unchanged. A final judgment will be entered in this case in accordance with this order.

**SIGNED** this the **30** day of **October, 2019.**

Thad Heartfield
United States District Judge